IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELITE MITIGATION SERVICES,       )
LLC a/a/o Greta Lawrence,         )
                                  )
Plaintiff,                        )
                                  )
v.                                ) Case No.: 5:19-cv-381-TKW-MJF
                                  )
WESTCHESTER SURPLUS LINES         )
INSURANCE COMPANY,                )
                                  )
Defendant.                        )

_____

## DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S MOTION TO COMPEL COMPLETE RESPONSES AND TO OVERRULE OBJECTIONS TO DEFENDANT'S FIRST REQUEST TO PRODUCE DOCUMENTS TO PLAINTIFF AND TO COMPEL SECOND AMENDED PRIVILEGE LOG OR PRODUCTION OF WITHHELD DOCUMENTS

Defendant Westchester Surplus Lines Insurance Company ("Westchester"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 7.1(b), hereby files this motion to compel complete responses and to overrule objections to defendant's first request to produce documents to plaintiff and to compel second amended privilege log or production of withheld documents, and states in support as follows:

## I.    <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable," *Id*., and "[c]ourts construe relevancy 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" ***Ford v. Gov't Employees Ins. Co.***, 2015 WL 11109373, at *1 (N.D. Fla. Apr. 3, 2015) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978)). Fed. R. Civ. P. 34(a) authorized the inspection, sampling, or testing of any tangible thing within the scope of relevance.

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection," Fed. R. Civ. P. 37(a)(3)(B), and the Court has "broad discretion" to compel such discovery. ***Josendis v. Wall to Wall Residence Repairs, Inc***., 662 F.3d 1292, 1306 (11th Cir. 2011). The party resisting discovery has the burden of proving that the requested discovery is either irrelevant, or of such marginal relevance that the potential harm occasioned by discovery outweighs the ordinary presumption in favor of broad disclosure. See ***Vision Constr. Ent., Inc. v. Argos Ready Mix, LLC***, 2017 WL 10084359, at *2 (N.D. Fla. June 28, 2017).

## II.     Motion to Compel Complete Responses and to Overrule Objections to Defendant's First Request for Production of Documents

Westchester served plaintiff Elite Mitigation Services a/a/o Greta Lawrence ("Elite") with its first interrogatories to plaintiff and first request for production of documents by email on December 24, 2019. Exhibit "A," attached to this motion, is a true and correct copy of the email.

Although its certificates of service to Elite's answers state that service was made on November 11, 2019, Elite served its answers to interrogatories and responses to request for production of documents on January 15, 2020. On January 16, 2020, Elite served its responses to Westchester's requests for admission, privilege log and responsive documents.

On January 27, 2020, counsel for Westchester sent a detailed good faith correspondence to counsel for Elite, which set forth Westchester's position containing quotes of the discovery requests, Elite's responses and citation to the rules of procedure, local rules and case law from the Northern District of Florida. A copy of this email is attached to this motion as Exhibit "B."

On February 7, 2020, Elite served amended responses to the requests to produce, but the amended responses failed to address the issues set forth in the Westchester's first good faith correspondence and introduced new and untimely objections. Counsel for Westchester sent an additional good faith correspondence

detailing these deficiencies later on February 7, 2020. A true and correct copy of this correspondence is attached to this motion as Exhibit "C."

As required by Local Rule 26.1(D), Westchester will follow the Court's required format for a motion to compel:

(1) Quote the discovery request verbatim;
(2) Quote each objection specifically directed to the discovery request; and
(3) Set out the reasons why the discovery should be compelled.

## III.   <u>First Request for Production of Documents to Plaintiff</u>

### A. <u>Preliminary Statement and General Objections</u>

Elite's original response to Westchester's document requests contained a "Preliminary Statement" that set forth three boilerplate limitations which were incorporated into each of the twenty-one responses. Elite's original response also contained "GENERAL OBJECTIONS," which set forth seven boilerplate objections that were incorporated to each of the twenty-one responses.

In its good faith correspondence, Westchester cited to Local Rule 26.1(c), which states that "an objection cannot be set out generally for an entire set of discovery requests." Westchester also cited to ***Covington v. Sailormen, Inc.***, 274 F.R.D. 692 (N.D. Fla. 2011), which states that "[c]ommon sense should have been enough for Defendant to know that boilerplate, shotgun-style 'General Objections,' incorporated without discrimination into every answer, were not consistent with Fed.R.Civ.P. 33(b)(4)'s directive that '[t]he grounds for objecting to an interrogatory must be stated with specificity.'"

4

Elite's amended responses to Westchester's requests for production removed the preliminary statement and general objections. This represents the only substantive change in response to Westchester's good faith correspondence to resolve the discovery dispute.

### B.     Failure to Comply with Rule 34(b)(2)(E)(i)

Elite's initial response to 19 of the 21 requests was simply "Attached." Fed. R. Civ. P. 34(b)(2) states:

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> > (i)     A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

Elite produced 97 pages of documents as a single .pdf file without any labels or organization. Other than a notice of lien, the produced documents are duplicates of the 96 documents produced with Elite's Rule 26(a) disclosures. In its initial responses, Elite simply states that the responsive documents to the 19 of the 21 requests were "Attached." Elite therefore implied in its initial responses that each document it believes to be relevant to this matter are responsive to 19 of the 21 requests. In its amended responses, Elite no longer makes that implication. It has now removed all doubt and stated that fact explicitly. For 13 of the 21 requests, Elite

now has responded – "Attached bates 001-097." For 4 of the 21 requests, Elite now has responded – "Attached bates 003-097."

**Unlimited Resources, Inc. v. Deployed Resources, LLC**, 3:07-cv-961-J-12MCR, 2009 WL 1563489 (M.D. Fla June 3, 2009), illustrates that such responses are not appropriate.

> First, with respect to Plaintiff's response to Defendant's Requests for Production of Documents, the Court agrees Plaintiff must provide more detail. **Plaintiff has effectively pointed to all documents in the case as being responsive to each request.** As noted in the **Williams** case, this amounts to being overly generous in identifying responsive documents. As such, the Court will require, to the extent it has not done so already, Plaintiff to provide references to specific documents, by their bates number, with respect to Plaintiff's documents. That is, Plaintiff must identify by bates numbers each of its own documents that are responsive to each request. The Court is requiring this of Plaintiff because Plaintiff is in the best position to identify its own documents and assist Defendant in finding those documents responsive to each request.

(Emphasis added).

### C. Request Nos. 4 through 7

1. Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, time sheet, payroll record, drying log, mileage log, daily equipment log or other document for work completed at the insured property since the date of the claimed loss regarding clean-up, demolition, mitigation, water remediation, dry-out or other related services.

2. Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, time sheet, payroll record, drying log, mileage log, daily

equipment log or other document for work completed at any other property owned by Greta Lawrence and/or Pier 98 Marina, Inc.

3. Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, time sheet, payroll record, drying log, mileage log, daily equipment logs or other document for work completed at the insured property since the date of the claimed loss regarding roofing work.

4. Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, time sheet, payroll record, drying log, mileage log, daily equipment logs or other document for work completed at any other property owned by Greta Lawrence and/or Pier 98 Marina, Inc.

Responses: Attached.

Amended Responses: Attached bates 003-097.

Westchester's Statement:

Westchester references and incorporates in this section its above discussion regarding Elite's failure to comply with the requirements of Fed. R. Civ. P. 34(b)(2)(E)(i). Furthermore, none of the 95 pages referenced by Elite are responsive to request numbers 4 through 7. Westchester's requests ask for documents typically generated for the type of services performed by Elite in this matter, such as work orders, estimates, proposals, bids, service orders, purchase orders, invoices, receipts, maintenance records, contracts, assignment of benefits, time sheets, payroll records, drying logs, mileage logs daily equipment logs or other documents. The 95 pages referenced by Elite in its amended responses do not contain any of these types of documents. Notably, Elite does not state that these types of documents do not exist.

### D. Request No. 9

Request: Each document or other tangible item that evidences, reflects, refers to or relates to the calculation of damages sustained by the insured property as a result of the claimed loss.

Response: Attached.

Amended Response: The Plaintiff objects to this Request because it is vague and unclear with respect to the terms "calculation of damages". These terms are not defined and are not clear. To the extent that Plaintiff can identify and produce documents with respect to the dollar amount of damages sustained by the insured property as a result of the loss, please see attached bates 001-097.

Westchester's Statement:

For the first time, in its amended responses served on February 7, 2020, Elite claims that it does not understand the meaning of the phrase "calculation of damages." This objection is untimely and therefore has been waived. In *Bailey Industries, Inc. v. CLJP, Inc.,* 270 F.R.D. 662, 668 (N.D. Fla. 2010), the Court stated that, "as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. See *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989). This is so even though a party had an objection to make. See *Jaffe v. Grant*, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product)."

Elite did not specify how the phrase "calculation of damages" is "vague and unclear." Elite alleges in its complaint regarding the alleged damages to the dwelling the following:

¶1 – action for "**damages** in excess of Fifteen Thousand Dollars"

¶16 – "Plaintiff has been **damaged** as a result of Defendant's breach in the form of insurance proceeds which have not been paid…"

(a) Demand for an order "awarding **damages**"

Elite alleges in its complaint regarding the alleged damages to the commercial building the following:

¶1 – action for "**damages** in excess of Fifteen Thousand Dollars"

¶16 – "Plaintiff has been **damaged** as a result of Defendant's breach in the form of insurance proceeds which have not been paid…"

(a) Demand for an order "awarding **damages**"

It appears that Elite understands the term "damages." There are indications that Elite also is aware of the definition of "calculation." In its responses to Westchester's requests for admission, Elite states that "[i]n total, $123,744.19 is outstanding and due to the Plaintiff."

Elite did not explain why this objection was omitted from its original response. Elite's original response implied that all 97 pages of documents that it produced were relevant to the "calculation of damages." Elite qualifies this

9

implication in its amended response by stating that to "the extent that Plaintiff can

identify" responsive documents they can be found somewhere in "bates 001-097."

Plaintiff has not made any effort to identify what, if any, documents it has produced

actually are responsive to this request.

### E.  Request No. 10

Request: The ESX files in their native format used to prepare plaintiff's estimates
identified as "LAWRENCE_GRETA_2282" and "LAWRENCE_GRETA_0137."

Response: Attached.

Response: Attached bates 005-016 and bates 022-034

Westchester's Statement:

Westchester believes that Elite used the Xactimate software program to

prepare its invoices. Xactimate saves projects to its native format, which is known

as an ESX file. Westchester's request clearly asks for production of a digital copy of

the ESX file. Despite Elite's response that it provided or attached the requested file,

the ESX file was not provided.

The only file produced by Elite is a single .pdf file that contained 97 pages of

documents. Elite has directed Westchester to the portions of the .pdf file that contain

copies of its final invoices. This is not responsive to the document request.

### F.  Request No. 13

Request: Each written report by any expert, consultant or professional who
investigated any aspect of the claimed loss on plaintiff's behalf.

Response: Attached

Amended Response: Attached bates 001-097

Westchester's Statement:

Westchester references and incorporates in this section its above discussion regarding Elite's failure to comply with the requirements of Fed. R. Civ. P. 34(b)(2)(E)(i). Furthermore, of the 97 pages produced by Elite, none are responsive to this request.

### G. Request No. 14

Request: Each document or other tangible item that evidences, reflects, refers to or relates to any communications between plaintiff and any employee, representative or agent of Westchester regarding the claimed loss including, but not limited to Cynthia Vann, Leon Spears and Loss Management Solutions.

Response: Attached

Amended Response: Plaintiff objects to this Request because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between it and the Defendant, Cynthia Vann, Leon Spears, or Loss Management Solutions.  However, the Defendant possesses a claim file which contains claim log notes that documents said communications, if any.  Thus, they are already within the knowledge and/or possession of Defendant. To the extent that Plaintiff is able to identify and produce communications, see attached bates 001-097.

Westchester's Statement:

Elite declared for the first time in its February 7, 2020 amended responses that it does not understand the meaning of the word "communications." This objection is

11

untimely and therefore has been waived. In ***Bailey Industries, Inc. v. CLJP, Inc.,*** 270 F.R.D. 662, 668 (N.D. Fla. 2010), the Court stated that "as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. See ***In re United States***, 864 F.2d 1153, 1156 (5th Cir.1989). This is so even though a party had an objection to make. See ***Jaffe v. Grant***, 793 F.2d 1182, 1190 n. 6 (11th Cir.1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); ***Peat, Marwick, Mitchell & Co. v. West***, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product)."

Elite did not explain why this objection was omitted from its original response. Elite's original response implied that all 97 pages of documents that it produced were relevant to the requested "communications." Elite qualifies this implication in its amended response by stating that, to "the extent that Plaintiff can identify" responsive documents they can be found somewhere in "bates 001-097."

While the parties are not required to follow the dictates of the Middle District Discovery Handbook, it does provide relevant guidance here.

III. PRODUCTION OF DOCUMENTS
A. Preparation and Interpretation of Request for Production of Documents
3 - Reading and Interpreting Requests for Documents. An attorney receiving a request for documents or a subpoena duces tecum **shall reasonably and naturally interpret it**, recognizing that the attorney serving it generally does not have specific knowledge of the documents sought and that the attorney receiving the request or subpoena generally

has or can obtain pertinent knowledge from the client. **Furthermore, attorneys are reminded that evasive or incomplete disclosures, answers, or responses may be sanctionable under the provisions of Rule 37, Federal Rules of Civil Procedure.**

Elite has not made any effort to reasonably and naturally interpret the meaning of this basic term. Elite also has failed to identify what, if any, documents it produced actually are responsive to this request.

Elite's introduces another objection for the first time in its amended response - overbreadth due to failure to define time and scope of the requested communications. A cursory review of the document request demonstrates that this objection is unfounded and not made in good faith. The request is limited to communications "regarding the claimed loss." Therefore, the broadest possible interpretation of this request calls for production of documents concerning all communications between the date of loss (October 10, 2018) and the date suit (May 28, 2019). This limited time frame is not overly broad.

Elite's assertion that is "unable" to properly respond is insufficient because it did not show that it at least attempted to respond. The time frame and scope of the request is limited and directed solely to information relevant to this case.

Westchester also references and incorporates in this section its above discussion regarding Elite's failure to comply with the requirements of Fed. R. Civ. P. 34(b)(2)(E)(i). Furthermore, none of the 97 pages produced by Elite are responsive to this request.

### H. Request No. 15

Request: Each document or other tangible item that evidences, reflects, refers to or relates to any communications between plaintiff and any employee representative or agent of Pier 98 Marina, Inc. and/or Greta Lawrence regarding the claimed loss including, but not limited to Daniel Hogan.

Response: Attached

Amended Response: Plaintiff objects to this Request because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between it and Pier 98 Marina, Inc., Greta Lawrence, or Daniel Hogan. To the extent that Plaintiff is able to identify and produce communications, see attached bates 001-097.

Westchester's Statement:

Westchester references and incorporates in this section its above discussion regarding Elite's failure to comply with the requirements of Fed. R. Civ. P. 34(b)(2)(E)(i), as well as its discussion regarding request no. 14.

### I.  Request No. 16

Request: Each document or other tangible item that evidences, reflects, refers to or relates to any communications between plaintiff and any employee, representative or agent of S.C. Hall Construction regarding the claimed loss.

Response: Attached

Amended Response: Plaintiff objects to this Request because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between it and S.C. Hall Construction. To the extent that Plaintiff is able to identify and produce communications, they are contained in the attached bates 001-097.

Westchester's Statement:

Westchester references and incorporates in this section its above discussion regarding Elite's failure to comply with the requirements of Fed. R. Civ. P. 34(b)(2)(E)(i), as well as its discussion regarding request no. 14.

### J.  Request No. 17

Request: Each contract, agreement or communication by and between plaintiff and S.C. Hall Construction that sets forth their relationship, division of responsibilities and compensation relating to the insured property.

Response: Attached

Amended Response: Plaintiff objects to this Request because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between it and S.C. Hall Construction. To the extent that Plaintiff is able to identify and produce communications, they are contained in the attached bates 001-097.

Westchester's Statement:

Westchester references and incorporates in this section its above discussion regarding Elite's failure to comply with the requirements of Fed. R. Civ. P. 34(b)(2)(E)(i), as well as its discussion regarding request no.14. Further,Elite has not produced any contracts or agreements that demonstrate its relationship with S.C. Hall Construction.

## IV.   Motion to Compel Second Amended Privilege Log or Production of Withheld Documents

The Elite's amended privilege log is set forth below:

| Description | Pgs | Date | Privilege |
|---|---|---|---|
| Diary Notes for 5904 B East Hwy 98 Property from Restoration Insurance Billing Source, LLC | 28 | December 7, 2018 – May 20, 2019 | Work product, Trade secret, proprietary |
| Diary Notes for 5904 C East Hwy 98 Property from Restoration Insurance Billing Source, LLC | 11 | January 24, 2019 – May 24, 2019 | Work product, Trade secret, proprietary |
| Pre-Suit Checklist for 5904 B East Hwy 98 Property from Restoration Insurance Billing Source, LLC | 1 | May 24, 2019 | Work product, Trade secret, proprietary |
| Pre-Suit Checklist for 5904 C East Hwy 98 Property from Restoration Insurance Billing Source, LLC | 1 | May 24, 2019 | Work product, Trade secret, proprietary |
| Email from Restoration Insurance Billing Source, LLC to the undersigned counsel containing case materials PDFs for 5904 B East Hwy 98 Property | 45 | May 24, 2019 | Work product |
| Email from Restoration Insurance Billing Source, LLC to the undersigned counsel containing case materials PDFs for 5904 C East Hwy 98 Property | 81 | May 24, 2019 | Work product |

The only difference between the original log and the amended log is the inclusion of "from Restoration Billing Source, LLC" in the first four entries. This addition does not address any of the deficiencies set forth in Westchester's good faith correspondence.

## A. Form and Contents of Elite's Privilege Log

The Northern District has provided guidance as to what must be included in a proper privilege log. The above amended privilege log provided by Elite is deficient in several respects. In *Hinson v. Titan Insurance Company*, 3:13cv394/MCR/EMT, 2014 WL 11511677, *2 (N.D. Fla. April 2, 2014), the Court found as follows:

> Finally, although the court has conducted only a cursory review of Titan's motion and attachments thereto, it appears that many of the issues raised by Titan in the motion to compel can likely be resolved if Attorney Bradford submits a more-detailed privilege log to Titan. Compare, e.g., Fed. R. Civ. P. 45(e)(2)(A) (requiring that a person withholding subpoenaed information under a claim of privilege or protection must expressly make the claim and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim") with doc. 42-1 at 1–2 (Privilege Log submitted by Attorney Bradford to Titan, which log broadly categorizes and designates seven (7) groups of documents (e.g., emails, attorney notes, correspondence) as privileged and generally claims, as to each of the seven categories, that the documents were withheld because "they contain or encompass information protected by work-product and/or attorney-client privilege"). See also, e.g., *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) (although Rule 45 "does not spell out the sufficiency requirement in detail, courts consistently have held that the rule requires a party resisting disclosure to produce a document index or privilege log"; moreover, although privilege logs "do not need to be precise to the point of pedantry," **a party who asserts a claim of privilege must "do the best that he**

**reasonably can to describe the materials to which his claim adheres")**; *United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 473 (2d Cir. 1996) **(privilege log should identify each document and the individuals who are parties to the communications and provide sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure)** (internal citation omitted); *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984) **("bald faced assertion[s]" of a privilege are insufficient; a party making such an assertion must make a clear showing that the privilege applies)**; *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Midland Bancor, Inc.,* 159 F.R.D. 562, 567 (D. Kan. 1994) **(privilege log must include "a detailed description of the documents to be protected 'with precise reasons given for the particular objection to discovery' ")** (citation omitted).

(Emphasis added).

Although ***Hinson*** concerns Rule 45, the language used in Rule 26(b)(5)(A)(ii) is nearly identical. Elite has failed to identify the individual documents withheld from production with any specificity. The broad categorization of blocks of documents comprising in 28, 11, 45 and 81 pages, respectively, is insufficient. The log does not identify the individual parties to the communication(s). Elite's assertions of privilege are not sufficient.

**B. Compel Production of Withheld Documents**

**1. Diary Notes for 5904 B East Hwy 98 Property**

Elite's first entry in its amended privilege log references 28 pages purportedly created sometime between December 7, 2018, and May 20, 2019, regarding the commercial building. These documents are being withheld under the alleged protection provided by "Work product, Trade secret, proprietary."

Elite does not attempt to explain its claimed basis that the 28 pages of "Diary notes" are entitled work product protection. As the party resisting discovery, Elite "bears the burden of establishing that the documents it seeks to protect were prepared in anticipation of litigation." ***Ford v. Government Employees Insurance Company***, No. 1:14cv180-MW/GRJ, 2015 WL 11109374, *2 (N.D. Fla. June 11, 2015) (*citing* ***Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC,*** 287 F.R.D. 680, 684 (N.D. Ga. 2012)). "This burden cannot be satisfied with blanket assertions, it requires proof, such as the production of 'a detailed privilege log and affidavits from counsel [and] the party' showing that the requested materials were prepared in anticipation of litigation." ***Id.***

Elite also does not explain its assertion that the 28 pages of "Diary notes" are shielded by any trade secret/proprietary protections. "The purpose underlying the trade secrets privilege is to prohibit a party to a suit from obtaining valuable information that could be used to its own advantage, relying upon the duty of a witness to answer questions truthfully." ***Ford v. Government Employees Insurance Company***, No. 1:14cv180-MW/GRJ, 2015 WL 11109373, *5 (N.D. Fla. April 3, 2015), (citing ***Auto Owners Ins***., 135 F.R.D. at 203 (quoting ***Freedom Newspapers, Inc. v. Egly***, 507 So. 2d 1180, 1184 (Fla. 2d DCA 1987)) (internal quotation marks omitted). Elite has not demonstrated that it and Westchester are competitors or that

Westchester has "a real interest in [its] business techniques." *Id. (*citing *Egly*, 507 So.2d at 1184.)

### 2.  Diary Notes for 5904 C East Hwy 98 Property

Elite's second entry in its amended privilege log references 11 pages purportedly created sometime between January 24, 2018, and May 24, 2019, regarding the residential building. These documents are being withheld under the alleged protection provided by "Work product, Trade secret, proprietary."

Elite does not attempt to explain its claimed basis that the 11 pages of "Diary notes" are entitled to work product protection. As the party resisting discovery, Elite "bears the burden of establishing that the documents it seeks to protect were prepared in anticipation of litigation." ***Ford v. Government Employees Insurance Company***, 1:14cv180-MW/GRJ, 2015 WL 11109374, *2 (N.D. Fla. June 11, 2015) (*citing Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 684 (N.D. Ga. 2012)). "This burden cannot be satisfied with blanket assertions, it requires proof, such as the production of 'a detailed privilege log and affidavits from counsel [and] the party' showing that the requested materials were prepared in anticipation of litigation." *Id.*

Elite also does not explain its assertion that the 11 pages of "Diary notes" are shielded by any trade secret/proprietary protections. As noted previously, "[t]he purpose underlying the trade secrets privilege is to prohibit a party to a suit from

obtaining valuable information that could be used to its own advantage, relying upon the duty of a witness to answer questions truthfully." *Ford v. Government Employees Insurance Company*, 1:14cv180-MW/GRJ, 2015 WL 11109373, *5 (N.D. Fla. April 3, 2015), citing *Auto Owners Ins.*, 135 F.R.D. at 203 (quoting *Freedom Newspapers, Inc. v. Egly*, 507 So. 2d 1180, 1184 (Fla. 2d DCA 1987)) (internal quotation marks omitted). Elite has not and cannot demonstrate that it and Westchester are competitors or that Westchester has "a real interest in [its] business techniques." *Id.* (citing *Egly*, 507 So.2d at 1184).

### 3. Email from Restoration Insurance Billing Source, LLC to undersigned counsel containing case materials PDFs for 5904 B East Hwy 98 Property and Email from Restoration Insurance Billing Source, LLC to undersigned counsel containing case materials PDFs for 5904 C East Hwy 98 Property

Elite's amended privilege log states that a non-party, Restoration Insurance Billing Source, LLC, sent emails to Elite's counsel on May 24, 2019. The log further states that the number of pages (presumably including the emails themselves) totaled 45 and 81 pages, respectively. The log does not describe the documents other than as "case materials."

Restoration Insurance Billing Source, LLC is a non-party to this action, and Elite does not explain how all 126 pages of documents in the possession of a non-party were prepared in anticipation of litigation. Elite does not state who prepared

these documents, when the documents were prepared or why sharing these documents with a non-party does not waive any privilege that may have existed.

### V.   <u>Good Faith Attempts to Resolve</u>

On January 27, 2020, counsel for Westchester sent to counsel for Elite a good faith correspondence, which largely reflects the detailed arguments and citation to authority contained in this motion. The good faith correspondence stated that "[n]ormally, I would provide no less than 10 business days for amended responses. However, given the expedited discovery schedule in this matter I must insist that amended responses consistent with the below be received no later than 12:00 p.m. Monday, February 3, 2020." On Saturday, February 1, 2020, counsel for Elite responded stating that he "understand[s] your concern, but I need more time to comply with your requests. I will need until Friday, 02/07/20, at the very least in order to provide you amended responses." A true and correct copy of this email from Elite's counsel is attached hereto as Exhibit "D".

On February 7, 2020, Elite provided amended responses to Westchester's interrogatories and requests for production and an amended privilege log. Other than removing improper general objections, the amended responses did not provide any additional substantive information. In fact, Elite attempted to introduce new, untimely and baseless objections. The only change to the privilege log was to include "from Restoration Billing Source, LLC" to the first four entries. Counsel for

Westchester sent additional good faith correspondence to counsel for Elite on February 7, 2020, regarding the amended responses and privilege log. *See* Exhibit "C." Due to the accelerated scheduling order, Westchester's counsel provided a short amount of time for Elite to provide complete discovery responses. Elite was given until 5:00 p.m. on Tuesday, February 11, 2020, to serve their second amended responses.

Counsel for Elite finally responded at 7:25 p.m. on February 11, 2020, that his "client is willing to continue to work with you to resolve discovery issues." A copy of this correspondence is attached to this motion as Exhibit "E." Disappointingly, this correspondence did not include amended responses or produce any additional documents. Instead, counsel for Elite stated that it would oppose any motion to compel compliance with its discovery obligations based on the Court's initial scheduling order in this case [Doc. 6]. That order stated as follows:

> (1)(b) The parties are advised to make discovery requests no later than 75 days before the end of the discovery period. Unless otherwise ordered by the Court, motions to compel discovery are due no later than 30 days before the close of discovery. **The Court will ordinarily entertain a motion to compel brought during the last 30 days of discovery only on a showing of reasonable diligence during the discovery period and the discovery dispute in question arose during the last 30 days of discovery.**

(Emphasis added).

Westchester has provided Elite every opportunity to provide complete discovery responses. Rather than comply with its discovery obligations, Elite now

intends to weaponize Westchester's good faith to avoid giving complete discovery responses required by the Federal Rules of Civil Procedure and this Court's Local Rules.

### Attorney Fee Request

Federal Rule of Civil Procedure 37(a)(5) provides that, in the event a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." ***Id.***

The circumstances in this matter warrant an award of fees against Elite. None of Elite's boilerplate objections are "substantially justified." In ***Waters Edge Living, LLC v. RSUI Indem. Co***., 4:06-cv-334-RH/WCS, 2008 WL 1816418, *5 (N.D. Fla. April 22, 2008), Magistrate Judge William C. Sherrill, Jr. held that none of the defendant's "lengthy and complicated" objections were "substantially justified." This case does not offer a single complicated objection, but rather a collection of baseless boilerplate objections. Similar to the case here, the moving party in ***Waters***

24

*Edge* was forced to bear the "expense of filing over 30 pages of detailed arguments." Magistrate Judge Sherrill then decided to not impose his standard order awarding an estimated partial award of expenses. He found that the prevailing party "should be made completely whole for pursuit of this discovery." Such an award is just and appropriate under the circumstances in this case.

WHEREFORE, defendant Westchester Surplus Lines Insurance Company respectfully requests that this Honorable Court grant the following relief:

A.   Overrule all objections set forth in Elite's document request responses;

B. Order Elite to provide complete responses to Westchester's request for production of documents;

C. Order Elite to provide a second amended privilege log or provide documents wrongfully withheld from discovery;

D. Award Westchester all reasonable expenses incurred in making this motion, including attorney fees; and

E. Reset all unexpired deadlines to afford Westchester an opportunity to fully engage in discovery and remove this matter from the June 29, 2020, trial calendar.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I HEREBY CERTIFY that counsel for Westchester has attempted to confer with counsel for plaintiff in good faith with respect to the relief requested in this instant Motion as detailed herein.

*/s/ J. Richard Young*
J. Richard Young

Fla. Bar No. 0563250

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the instant Motion and Memorandum contains 5,861 words.

*/s/ J. Richard Young*
J. Richard Young
Fla. Bar No. 0563250

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been served on the 12th day of February 2020 to the parties identified below (i) through the United States District Court, Northern District of Florida, CM/ECF system or (ii) by the alternative method specified above the party's name.

Ali Kadir
Attorney for Plaintiff

/s/ J. Richard Young, III
J. Richard Young, Esq.
Mozley, Finlayson & Loggins LLP
4767 New Broad Street
Orlando, FL 32814
407.514.2765
FL Bar: 0563250
RYoung@MFLLaw.com

-and-

WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted in USDC NDFL*
MICHELLE A. SHERMAN
Georgia Bar No. 835980
*Admitted in USDC NDFL*
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500

Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com