IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ELITE MITIGATION SERVICES,<br>LLC a/a/o Greta Lawrence,<br><br>Plaintiff,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES<br>INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.: 5:19-cv-381-TKW-MJF<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S MOTION TO COMPEL COMPLETE RESPONSES AND TO OVERRULE OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

Defendant Westchester Surplus Lines Insurance Company ("Westchester"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 37 and Local Rule 7.1(b), hereby files this motion to compel complete responses and to overrule objections to defendant's first interrogatories to plaintiff, and states in support as follows:

### I.    Legal Standard

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information

within this scope of discovery need not be admissible in evidence to be discoverable," *Id.*, and "[c]ourts construe relevancy 'broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" ***Ford v. Gov't Employees Ins. Co.***, 2015 WL 11109373, at *1 (N.D. Fla. Apr. 3, 2015) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978)).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection," Fed. R. Civ. P. 37(a)(3)(B), and the Court has "broad discretion" to compel such discovery. ***Josendis v. Wall to Wall Residence Repairs, Inc.***, 662 F.3d 1292, 1306 (11th Cir. 2011). The party resisting discovery has the burden of proving that the requested discovery is either irrelevant, or of such marginal relevance that the potential harm occasioned by discovery outweighs the ordinary presumption in favor of broad disclosure. See ***Vision Constr. Ent., Inc. v. Argos Ready Mix, LLC***, 2017 WL 10084359, at *2 (N.D. Fla. June 28, 2017).

## II.   Motion to Compel Complete Responses and to Overrule Objections to Defendant's First Interrogatories

Westchester served plaintiff Elite Mitigation Services a/a/o Greta Lawrence ("Elite") with its first interrogatories to plaintiff and first request for production of documents by email on December 24, 2019. Exhibit "A," attached to this motion, is a true and correct copy of the email.

Although its certificates of service to Elite's answers state that service was made on November 11, 2019, Elite served its answers to interrogatories and responses to request for production of documents on January 15, 2020. On January 16, 2020, Elite served its responses to Westchester's requests for admission, privilege log and responsive documents.

On January 27, 2020, counsel for Westchester sent a detailed good faith correspondence to counsel for Elite, which set forth Westchester's position containing quotes of the discovery requests, Elite's responses and citation to the rules of procedure, local rules and case law from the Northern District of Florida. A true and correct copy of this correspondence is attached to this motion as Exhibit "B."

On February 7, 2020, Elite served amended responses to the interrogatories, but the amended responses remained largely deficient and continued to raise meritless objections. Counsel for Westchester sent an additional good faith correspondence detailing these deficiencies later on February 7, 2020. A true and correct copy of this correspondence is attached to this motion as Exhibit "C."

As required by Local Rule 26.1(D), Westchester will follow the court's required format for a motion to compel:

(1) Quote the discovery request verbatim;
(2) Quote each objection specifically directed to the discovery request; and
(3) Set out the reasons why the discovery should be compelled.

### III.   First Interrogatories to Plaintiff

#### A. Preliminary Statement and General Objections

Elite's original answers to the interrogatories contained a "Preliminary Statement," which sets forth three boilerplate limitations that are incorporated into Elites' responses to each of the twenty interrogatories. Elite's original answers also contained "GENERAL OBJECTIONS," which set forth seven boilerplate objections that are incorporated into Elite's responses to each of the twenty interrogatories..

In its good faith attempt to resolve the discovery dispute, Westchester referred Elite to Local Rule 26.1(c), which states that "an objection cannot be set out generally for an entire set of discovery requests." Westchester also cited to *Covington v. Sailormen, Inc.*, 274 F.R.D. 692, 693-94 (N.D. Fla. 2011), which states that "[c]ommon sense should have been enough for Defendant to know that boilerplate, shotgun-style 'General Objections,' incorporated without discrimination into every answer, were not consistent with Fed.R.Civ.P. 33(b)(4)'s directive that '[t]he grounds for objecting to an interrogatory must be stated with specificity.'"

Elite's amended responses to Westchester's interrogatories removed the preliminary statement and general objections. This represents the only substantive change following Westchester's first good faith correspondence to resolve the discovery dispute.

#### B. Interrogatory No. 3

Interrogatory:

Identify each person who, to plaintiff's knowledge, information or belief has made an investigation of any aspect of the allegations contained in plaintiff's complaint against Westchester. For each such person, provide the following:
(a) The name, address, telephone number, business address, and business telephone number;
(b) The specific facts, information or knowledge possessed by each person; and
(c) Whether the person has provided a written or recorded statement of any type to plaintiff or its counsel.

Original Response/Objection:

Please see answer to Interrogatory #2 above. Further, Federal Rule of Civil Procedure 26(b)(4)(D)(ii) protects from disclosure "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," except where there exist "exceptional circumstances under which it is impracticable for the [requesting] party to obtain facts or opinions on the same subject by other means." See Fed. R. Civ. P. 26(b)(4)(D)(ii). Plaintiff objects to this interrogatory to the extent it purports to request disclosure of information protected by Fed. R. Civ. P. 26(b)(4)(D)(ii). In addition to the individuals named here, Plaintiff reserves the right to name additional individuals, including the custodian(s) of all records, if any, required for authentication of documents, and any and all additional witnesses learned through the discovery process.

Amended Response/Objection:

Plaintiff objects to this Interrogatory because it is vague and unclear.  The terms "made an investigation" are not defined and are not clear. To the extent that anyone could have "made an investigation", please see answer to Interrogatory #2 above. Further, Federal Rule of Civil Procedure 26(b)(4)(D)(ii) protects from disclosure "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," except where there exist "exceptional circumstances under which it is impracticable for the [requesting] party to obtain facts or opinions on the same subject by other means." See Fed. R. Civ. P. 26(b)(4)(D)(ii). Plaintiff objects to this interrogatory to the extent it purports to request disclosure of information protected by Fed. R. Civ. P. 26(b)(4)(D)(ii). In addition to the individuals referenced here, Plaintiff reserves the right to name

additional individuals, including the custodian(s) of all records, if any, required for authentication of documents, and any and all additional witnesses learned through the discovery process.

Westchester's Statement:

The amended response, which incorporates the response to interrogatory no. 2, is inadequate. The response to interrogatory no. 2 does not indicate which of the listed persons "made an investigation of any aspect of the allegations" or what that person determined. In fact, Elite did not amend its response to interrogatory no. 2.

The only amendment to the response to interrogatory no. 3 is the introduction of a new objection. For the first time, Elite declares that it does not know the meaning of the phrase "made an investigation." This objection is untimely and therefore has been waived. In ***Bailey Industries, Inc. v. CLJP, Inc.,*** 270 F.R.D. 662, 668 (N.D. Fla. 2010), the Court stated that, "as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. See ***In re United States***, 864 F.2d 1153, 1156 (5th Cir.1989). This is so even though a party had an objection to make. See ***Jaffe v. Grant***, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); ***Peat, Marwick, Mitchell & Co. v. West***, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product)."

Elite did not explain why this objection was omitted from its original response. Elite's apparent inability to identify the person or persons who "made an investigation of any aspect of the allegations contained in plaintiff's complaint" due to its new found confusion, did not prevent it from again referencing its response to interrogatory no. 2. The objection is untimely, waived and brought in bad faith.

As to the privilege objection, Elite did not change its original response. It has no basis in law to withhold the identity of any consulting expert that may fall under Rule 26(b)(4)(D)(ii). *See* ***Clark v. Hercules, Inc.***, 2:13-cv-794-FtM-29MRM, 2017 WL 3316311, *11 (M.D. Fla. August 3, 2017):

> Additionally, the Court notes that while "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," Fed. R. Civ. P. 26(b)(4)(D), **district courts in the Eleventh Circuit have nevertheless stated that the identity of such experts "would not be protected from disclosure by the rule."** ***Solidda Grp., S.A. v. Sharp Elecs. Corp.***, No. 12-24469-CIV-DIMITROULE, 2013 WL 12091057, at *7 (S.D. Fla. Mar. 19, 2013). Thus, without any specific objection by Plaintiff on this ground, the Court finds no reason to prevent Defendant from discovering the identity of any persons Plaintiff retained or specially employed in anticipation of litigation or preparation for trial and whom Plaintiff does not expect to call as a witness at trial.

(Emphasis supplied).

### C. Interrogatory No. 4

Interrogatory:

Identify each communication between any employee, representative or agent of plaintiff and any employee, representative or agent of Westchester, including, but not limited to Cynthia Vann and Leon Spears, regarding the claimed loss, and as to each communication, state:
(a) the name(s) of the person(s) involved in the communication;
(b) the method(s) of communication;
(c) the date of the communication; and
(d) the substance in detail of the communication.

Response/Objection:

Plaintiff objects to this Interrogatory because it is overly broad and harassing. Plaintiff is unable to identify each and every single communication between it and the Defendant, Cynthia Vann, or Leon Spears.  However, the Defendant possesses a claim file which contains claim log notes that documents said communications, if any.  Thus, they are already within the knowledge and/or possession of Defendant. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Amended Response/Objection:

Plaintiff objects to this Interrogatory because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between it and the Defendant, Cynthia Vann, or Leon Spears.  However, the Defendant possesses a claim file which contains claim log notes that documents said communications, if any.  Thus, they are already within the knowledge and/or possession of Defendant. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Westchester's Statement:

Elite has made three attempts in its amended responses to bolster its initial boilerplate objection of "overly broad and harassing" in response to Westchester's reference to Local Rule 26.1(c), which states that "[b]oilerplate objections are strongly disfavored."

Elite first attempts to introduce a new objection – vagueness. This objection is untimely and waived. ***Bailey Industries, Inc. v. CLJP, Inc.*** 270 F.R.D. at 668.

Elite then claims that it does not understand the meaning of "communications." While the parties are not required to follow the dictates of the Middle District Discovery Handbook, it does provide relevant guidance:

> Responses. Rule 33(b), Federal Rules of Civil Procedure, requires the respondent to answer an interrogatory separately and fully in writing and under oath, unless the respondent objects, in which event the party objecting shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. **Interrogatories should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import.** When in doubt about the meaning of an interrogatory, the responding party should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information.

Elite, before it served its amended responses on February 7, 2020, never claimed that it did not understand the meaning of "communications" or the intent of interrogatory no. 4. Elite did not even make an effort to respond to the interrogatory with a reasonable interpretation of the term.

Elite finally raises an additional objection, claiming the interrogatory is overbroad due to the failure to define the time and scope of the requested communications. A cursory review of the interrogatory demonstrates that this objection is unfounded and not made in good faith. The interrogatory limits the request to communications "regarding the claimed loss." Therefore, the broadest

9

possible interpretation of this request calls for identification all of communications between the date of loss (October 10, 2018) and the date suit was filed (May 28, 2019). This limited time frame is not overly broad.

Elite's assertion that it is "unable" to properly respond is insufficient because it did not show that it at least attempted to respond. The time frame and scope of the inquiry are limited and directed solely to information relevant to this case. Directing Westchester to its own file is non-responsive.

After claiming that it does not know the meaning of "communications," Elite directs Westchester to documents contained in Exhibit "A" as part of its response. The Middle District's Discovery Handbook, which provides guidance on how these matters should be addressed, states in Section III(A)(10) that, in responding to interrogatories, Rule 33(d) allows a party "in very limited circumstances to produce business records in lieu of answering interrogatories." It then requires parties to observe six detailed requirements, including "(a) Specify the documents to be produced in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought." This is consistent with the Northern District's requirement. Magistrate Judge Gary R. Jones held in ***McMillan v. Department of Corrections, et al***, 5:13-cv-292-WS-GRJ, 2014 WL 12639343, *2 (N.D. Fla. April 28, 2014), that "although a responding party may answer an interrogatory by reference to a business

record 'if the burden of deriving or ascertaining the answer will be substantially the same for either party,' the responding party must specify the record in sufficient detail for the interrogating party to locate and identify them." Elite did not identify what documents contained in its Exhibit "A" are responsive to this interrogatory, and Westchester's review did not find any responsive documents.

### D. <u>Interrogatory No. 5</u>

Interrogatory:

Identify each communication between any employee, representative or agent of plaintiff and any employee, agent, or representative of Pier 98 Marina, Inc. including, but not limited to Daniel Hogan, regarding the claimed loss, and as to each communication, state:
(a) the name(s) of the person(s) involved in the communication;
(b) the method(s) of communication;
(c) the date of the communication; and
(d) the substance in detail of the communication.

Response/Objection:

Plaintiff objects to this Interrogatory because it is overly broad and harassing. Plaintiff is unable to identify each and every single communication between it and Pier 98 Marina, Inc. or Daniel Hogan. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Amended Response/Objection:

Plaintiff objects to this Interrogatory because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between it and Pier 98 Marina, Inc. or Daniel Hogan. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Westchester's Statement:

Westchester refers to and incorporates in this section its above discussion regarding Interrogatory no. 4.

### E. **Interrogatory No. 6**

Interrogatory:

Identify each communication between any employee, representative or agent of plaintiff and any employee, agent, or representative of Greta Lawrence including, but not limited to Daniel Hogan, regarding the claimed loss, and as to each communication, state:
(a) the name(s) of the person(s) involved in the communication;
(b) the method(s) of communication;
(c) the date of the communication; and
(d) the substance in detail of the communication.

Response/Objection:

Plaintiff objects to this Interrogatory because it is overly broad and harassing. Plaintiff is unable to identify each and every single communication between it and Greta Lawrence or Daniel Hogan. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A".

Amended Response/Objection:

Plaintiff objects to this Interrogatory because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested. The requested time frame is also broad and not limited in scope. Furthermore, Plaintiff is unable to identify each and every single "communication" between and Greta Lawrence or Daniel Hogan. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Westchester's Statement:

Westchester refers to and incorporates in this section its above discussion regarding Interrogatory no. 4.

## F. <u>Interrogatory No. 7</u>

Interrogatory:

Identify each communication between any employee, representative or agent of plaintiff and any employee, agent, or representative of S.C. Hall Construction, regarding the claimed loss, and as to each communication, state:
(a) the name(s) of the person(s) involved in the communication;
(b) the method(s) of communication;
(c) the date of the communication; and
(d) the substance in detail of the communication.

Response/Objection:

Plaintiff objects to this Interrogatory because it is overly broad and harassing. Plaintiff is unable to identify each and every single communication between it and S.C. Hall Construction. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Amended Response/Objection:

Plaintiff objects to this Interrogatory because it is vague, overly broad, and harassing as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between it and S.C. Hall Construction. To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Westchester's Statement:

Westchester refers to and incorporates in this section its above discussion regarding Interrogatory no. 4.

### G. **Interrogatory No. 8**

Interrogatory:

Identify each communication between any employee, representative or agent of plaintiff regarding the claimed loss to any other employee, representative or agent of plaintiff, and as to each communication, state:
(e) the name(s) of the person(s) involved in the communication;
(f) the method(s) of communication;
(g) the date of the communication; and
(h) the substance in detail of the communication.

Response/Objection:

Plaintiff objects to this Interrogatory because it is overly broad and harassing and seeks attorney-client information.  Plaintiff is unable to identify each and every single communication between its employees, representatives, or agents.  To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Amended Response/Objection:

Plaintiff objects to this Interrogatory because it is vague, overly broad, and harassing, and seeks attorney-client privilege protected information as the Defendant has never defined the word "communication," or the form or scope of "communications" being requested.  The requested time frame is also broad and not limited in scope.  Furthermore, Plaintiff is unable to identify each and every single "communication" between its employees, representatives, or agents.  To the extent that Plaintiff is able to identify communications, they are contained in the attached Exhibit "A."

Westchester's Statement:

Westchester refers to and incorporates in this section its above discussion

regarding Interrogatory no. 4. Further, Elite has introduced a new objection in its

amended responses – attorney/client privilege. This objection is untimely and

14

waived. ***Bailey Industries, Inc. v. CLJP, Inc*** at 668. Elite's amended privilege log does not properly identify any communications protected from discovery under the attorney/client privilege. Westchester has filed a separate motion to compel production of a privilege log in accordance with the requirements of this Court or production of all withheld documents.

### H. <u>Interrogatory No. 11</u>

Interrogatory:

Identify each document that supports, discusses, or in any way pertains to the calculation of damages sustained by the insured property as a result of the claimed loss.

Response/Objection:

The Plaintiff objects to this Interrogatory because it is vague and unclear.  To the extent that Plaintiff can identify documents with respect to the damages sustained by the insured property as a result of the loss, please see attached Exhibit "A"..)

Amended Response/Objection:

The Plaintiff objects to this Interrogatory because it is vague and unclear with respect to the terms "calculation of damages".  These terms are not defined and are not clear. To the extent that Plaintiff can identify documents with respect to the dollar amount of damages sustained by the insured property as a result of the loss, please see attached Exhibit "A".

Westchester's Statement:

As previously discussed, the Middle District Discovery Handbook provides

relevant guidance.

Responses. Rule 33(b), Federal Rules of Civil Procedure, requires the respondent to answer an interrogatory separately and fully in writing

and under oath, unless the respondent objects, in which event the party objecting shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. **Interrogatories should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import.** When in doubt about the meaning of an interrogatory, the responding party should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information.

Elite, before it served its amended responses on February 7, 2020, never claimed that it did not understand the meaning of "calculation of damages" or the intent of interrogatory no. 11. Elite did not make any effort to respond to the interrogatory with a reasonable interpretation of the term.

Elite also did not specify in its amended responses how the phrase "calculation of damages" is "vague and unclear." Elite alleges in its complaint regarding the alleged damages to the dwelling the following:

¶1 – action for "**damages** in excess of Fifteen Thousand Dollars"

¶16 – "Plaintiff has been **damaged** as a result of Defendant's breach in the form of insurance proceeds which have not been paid…"

(a) Demand for an order "awarding **damages**"

Elite alleges in its complaint regarding the alleged damages to the commercial building the following:

¶1 – action for "**damages** in excess of Fifteen Thousand Dollars"

¶16 – "Plaintiff has been **damaged** as a result of Defendant's breach in the form of insurance proceeds which have not been paid…"

(a) Demand for an order "awarding **damages**"

It appears from the language used in its own complaint that Elite understands the term "damages." There are indications that Elite also is aware of the definition of "calculation." In its responses to Westchester's requests for admission, Elite states that "[i]n total, $123,744.19 is outstanding and due to the Plaintiff." The interrogatory asks Elite to identify documents that support that calculation. Bad faith claims of ignorance of basic terms are no better than the prior conclusory statement that the question is "vague and unclear."

## I.  Interrogatory No. 12

Interrogatory:

Identify the price guidelines utilized by plaintiff for claims arising out of Hurricane Michael.  In the event plaintiff utilizes published guidelines or "off the shelf" software, without modification, plaintiff may respond by simply identifying by name, version, and/or edition of the published guidelines utilized.

Response/Objection:

The Plaintiff objects to this Interrogatory to the extent that it is seeks protected work product, trade-secret, and proprietary information.  It is also vague and unclear.  To the extent that the Defendant's seeks information regarding the basis for Plaintiff's invoiced amounts, the submitted detailed invoices speak for themselves. Additionally, the amounts charged are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Amended Response/Objection:

The Plaintiff objects to this Interrogatory because it is vague and unclear with respect to the terms "price guidelines", "published guidelines", and "off the shelf software". These terms are not defined and are not clear.  To the extent that the Defendant's seeks information regarding the basis for Plaintiff's invoiced amounts, the submitted detailed invoices speak for themselves. Additionally, the amounts charged are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Westchester's Statement:

> Again, the Middle District Discovery Handbook provides relevant guidance:
>
> Responses. Rule 33(b), Federal Rules of Civil Procedure, requires the respondent to answer an interrogatory separately and fully in writing and under oath, unless the respondent objects, in which event the party objecting shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. **Interrogatories should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import.** When in doubt about the meaning of an interrogatory, the responding party should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information.

Elite, before it served its amended responses on February 7, 2020, never claimed that it did not understand the meaning of "price guidelines," "published guidelines" or "off the shelf software," or the intent of interrogatory no. 12. Elite also did not make any effort to respond to the interrogatory with what it deems to be a reasonable interpretation of these terms.

Documents produced by Elite as part of Exhibit "A" include estimates identified as "LAWRENCE_GRETA_2282" and "LAWRENCE_GRETA_0137."

Both of these documents include an entry for "Price List: FLPC8X_NOV18." It is inconceivable that Elite did not understand Westchester's use of the terms "price guidelines" or "published guidelines" in the interrogatory.

Westchester has alleged that Elite's invoices are excessive in both scope and pricing. The first three enumerated "Principal Factual and Legal Issues in Dispute," identified in the parties' Joint Report of the Parties' Planning Meeting [Doc. 15], are as follows:

A.  Whether plaintiff provided all of the services set forth in the invoices submitted to Westchester.
B.  Whether the services provided by plaintiff as set forth in the invoices were reasonable and necessary.
C.  Whether the services provided by plaintiff as set forth in the invoices were priced appropriately.

How Elite determined its pricing is not just relevant, it is central to this case. Elite withdrew its baseless privilege claims in response to this interrogatory, but still refuses to provide a substantive response. Elite's claim that its pricing is "reasonable and customary for the geographical area" is subject to inquiry and should not be taken at face value.

**J.  Interrogatory No. 13**

Interrogatory:

Identify what, if any, industry recognized published standard or guide plaintiff used in the determining the appropriate scope of work, equipment use and equipment distribution as set forth in the exhibits to plaintiff's complaints identified as "LAWRENCE_GRETA_2282" and "LAWRENCE_GRETA_0137."

Response/Objection: Please see answer to Interrogatory #12 above.

Amended Response/Objection:

The Plaintiff objects to this Interrogatory because it is vague and unclear with respect to the terms "industry recognized published standard or guide." These terms are not defined and are not clear. To the extent that the Defendant's seeks information regarding the basis for Plaintiff's invoiced amounts, the submitted detailed invoices speak for themselves. Additionally, the amounts charged are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Westchester's Statement:

The Middle District Discovery Handbook also provides relevant guidance here:

> Responses. Rule 33(b), Federal Rules of Civil Procedure, requires the respondent to answer an interrogatory separately and fully in writing and under oath, unless the respondent objects, in which event the party objecting shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. **Interrogatories should be interpreted reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import.** When in doubt about the meaning of an interrogatory, the responding party should give it a reasonable interpretation (which may be specified in the response) and offer an answer designed to provide, rather than deny, information.

Elite, before it served its amended responses on February 7, 2020, never claimed that it did not understand the meaning of "industry recognized published standard or guide" or the intent of interrogatory no. 13. Elite also did not make any effort to respond to the interrogatory with what it deems to be a reasonable interpretation of this term.

Elite takes the term "industry recognized published standard or guide" out of context. Quoted fully, the inquiry asks Elite to identify "industry recognized published standard or guide *plaintiff used in determining the appropriate scope of work, equipment use and equipment distribution.*" (Italics omitted by Elite). The interrogatory itself provides all of the context and meaning that Elite possibly could need to respond fully and accurately to the inquiry.

As stated previously, how Elite determined its pricing is not just relevant, it is central to this case. Elite withdrew its baseless privilege claims in response to this interrogatory, but still refuses to provide a substantive response. Elite's claim that its pricing is "reasonable and customary for the geographical area" is subject to inquiry and should not be taken at face value. If Elite does not use any industry pricing standard or guideline, then it should so state in its response to the interrogatory.

**K.** **Interrogatory No. 14**

Interrogatory:

Identify each person who has inspected, investigated, evaluated and/or provided any work or service regarding the damage to the insured property that purportedly occurred as a result of the claimed loss on behalf of plaintiff and, with regard to each person, describe the conclusions of their investigation and/or evaluation or describe the nature of their work/service performed.

Response:

Please see answer to Interrogatory #2 above.

034d8786e0a683be

Amended Response/Objection:

Please see answer to Interrogatory #2 above, which includes Hunter Walling and Caleb Keeney who performed work on behalf of Plaintiff. With respect to the nature of work performed on behalf of the Plaintiff, please see attached Exhibit "A".

Westchester's Statement:

Elite's amended response continues to incorporate each person listed in response to interrogatory no. 2, which includes attorneys for Westchester. The reference to its answer to interrogatory no. 2 is inadequate. Specifying two of the persons/entities listed as people "who performed work" does not cure this deficiency. Nowhere in either the response to interrogatory no. 2 or no. 14 does Elite identify "the conclusions of [the listed persons'] investigation and/or evaluation or describe the nature of their work/service performed." The answer is incomplete and requires a better response.

**L.  Interrogatory No. 15**

Interrogatory:

Identify    the    person(s)    that    drafted    the    estimates    identified    as "LAWRENCE_GRETA_2282" and "LAWRENCE_GRETA_0137," and each person(s) that contributed to the data contained the estimates including, but not limited to the measurements, the determination of the type, number and placement of equipment, and the treatments.

Response/Objection:

The Plaintiff objects to this Interrogatory to the extent that is seeks protected work product, trade-secret, and proprietary information.  The Plaintiff prepared said invoices based on the completed work. To the extent that the Defendant's seeks information regarding the basis for Plaintiff's invoiced amounts, the submitted

detailed invoices speak for themselves. Additionally, the amounts charged are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Amended Response/Objection:

The Plaintiff prepared said invoices based on the completed work. To the extent that the Defendant's seeks information regarding the basis for Plaintiff's invoiced amounts, the submitted detailed invoices speak for themselves. Additionally, the amounts charged are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Westchester's Statement:

The first three enumerated "Principal Factual and Legal Issues in Dispute," identified in the parties' Joint Report of the Parties' Planning Meeting [Doc. 15], are as follows:

A.  Whether plaintiff provided all of the services set forth in the invoices submitted to Westchester.
B. Whether the services provided by plaintiff as set forth in the invoices were reasonable and necessary.
C.  Whether the services provided by plaintiff as set forth in the invoices were priced appropriately.

Westchester is entitled to the identity of the person or persons who prepared the invoices and contributed to the data contained in the invoices. Elite has withdrawn its baseless claim that the identity of this person or persons is a protected trade secret, but it still has failed to identify the person or persons as requested.

Reference to the invoices themselves is not responsive to this interrogatory. The invoices speak only to their contents, not to the basis for the contents or the identity of the person(s) who contributed to the data contained in them.

## M. __Interrogatory No. 16__

Interrogatory:

As to each person identified in response to interrogatory no. 14 set forth the training that he/she has received as it relates to the examination of property affected by water damage, application of the industry standard referenced in interrogatory no. 13, use of Xactimate or other type of relevant software, drafting of estimates and other actions taken on behalf of plaintiff.

Response/Objection:

The Plaintiff objects to this Interrogatory to the extent that it is seeks protected work product, trade-secret, and proprietary information.  It is also vague and unclear.

Amended Response/Objection:

The Plaintiff objects to this Interrogatory because it is vague and unclear with respect to the terms "industry standard", and "industry recognized published standard or guide" as referenced in response to Interrogatory No. 13.  These terms are not defined and are not clear.  To the extent that the Defendant's seeks information regarding the basis for Plaintiff's invoiced amounts, the submitted detailed invoices speak for themselves. Additionally, the amounts charged are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Westchester's Statement:

Westchester refers to and incorporates in this section its above discussion regarding interrogatory no. 13. Further, Westchester's reference to "industry standard" and "industry recognized published standard or guide" only represent part of the requested training information. Elite did not claim it did not understand the meaning of (1) "examination of property affected by water damage," (2) "use of Xactimate or other type of relevant software," (3) "drafting of estimates" and/or (4)

"other actions taken on behalf of plaintiff." Despite presumably comprehending the meaning of these four categories, Elite has failed to address any of these categories in its response.

As previously stated, the first three enumerated "Principal Factual and Legal Issues in Dispute," identified in the parties' Joint Report of the Parties' Planning Meeting [Doc. 15], are as follows:

A.  Whether plaintiff provided all of the services set forth in the invoices submitted to Westchester.
B.  Whether the services provided by plaintiff as set forth in the invoices were reasonable and necessary.
C.  Whether the services provided by plaintiff as set forth in the invoices were priced appropriately.

Westchester is entitled to information about what, if any, training was received. Elite has withdrawn its baseless claim that the identity of this person or persons is a protected trade secret, but it still has failed to identify the person or persons and what training he or she received in order to prepare the estimates that it claims are "reasonable and customary for the geographical area."

Reference to the invoices themselves is not responsive to the interrogatory. The invoices speak only to their contents, not to the basis for the contents or the identity of the person(s) who contributed to the data contained in them.

### N. Interrogatory No. 19

Interrogatory:

State the basis for plaintiff's following charges:

Exhibit "1":
A. Overhead - $4,592.76 (See Page 9 of Exhibit "1")
B. Profit - $4,592.76 (See Page 9 of Exhibit "1")
C. Mortgage Processing Charge - $360.00 (See Page 7 of Exhibit "1")

Exhibit "2"
D. Overhead - $2,177.76 (See Page 13 of Exhibit "2")
E. Profit - $2,177.76 (See Page 13 of Exhibit "2")
G. Mortgage Processing Charge - $360.00 (See Page 12 of Exhibit "2")

Response:  Please see answer to Interrogatory #12 above.

Elite's response to interrogatory no. 12 is as follows:

The Plaintiff objects to this Interrogatory to the extent that it is seeks protected work product, trade-secret, and proprietary information.  It is also vague and unclear.  To the extent that the Defendant's seeks information regarding the basis for Plaintiff's invoiced amounts, the submitted detailed invoices speak for themselves. Additionally, the amounts charged are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Amended Response/Objection:

These charges are reasonable and customary for the geographical area in which the services were performed at the time they were performed.

Westchester's Statement:

The interrogatory requested Elite to explain the basis for specific line items in its invoices, which Westchester disputes. In its response, Elite maintains Westchester should take the invoices at face value and simply accept the conclusory statement that the contents are "reasonable and customary."

Elite was asked to "state the basis" for these specific line items in its invoices. "'[C]ontention' interrogatories are interrogatories that seek to clarify the basis for or

scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." ***Waters Edge Living, LLC v. RSUI Indem. Co.***, 4:06-cv-334-RH/WCS, 2008 WL 1816418, \*5 (N.D. Fla. April 22, 2008) (*citing **Taylor v. FDIC***, 132 F.3d 753, 762 (D.C. Cir.1997))*; **Vidamos, Inc. v. Laser Lab Ltd.***, 99 F.3d 217, 222 (7th Cir. 1996)*.

Whether the services provided by plaintiff as set forth in the invoices were "reasonable and necessary" is a central issue in this case and is subject to inquiry. Westchester should not be expected to accept Elite's conclusory statement that the charges are in fact "reasonable and necessary" without an opportunity to test that statement. Elite cannot maintain its position that the amounts charged in the invoices are "reasonable and necessary" while shielding itself from basic discovery designed to investigate that assertion.

### O. Interrogatory No. 20

Interrogatory:

If plaintiff responds to any of Westchester's first requests for admission with anything other than an unqualified admission, state separately with respect to each request, and in detail and with particularity, each fact that supports plaintiff's failure to respond to any request with an unqualified admission.

Response:

For facts, pursuant to Fed. R. Civ. P. 33(d), please see attached Exhibit "A."

Amended Response:

For detailed facts supporting unqualified admissions, pursuant to Fed. R. Civ. P. 33(d), please see attached Exhibit "A."

Westchester's Statement:

Elite's amended answer is not responsive. The interrogatory asks for information for each request for admission to which Elite responded "with anything **other than an unqualified admission.**" In response to this interrogatory, Elite attempts to bolster its failure to respond with unqualified admissions by reference to unorganized and unlabeled documents.

Elite did not make any attempt to respond to this interrogatory. A proper reply to Elite's interrogatory is made more difficult due to Elite's improper objections to the requests for admission themselves, which will be the subject of a separate motion. For example, Elite's responses to requests for admission numbers 14, 15 and 18 state that Elite made a reasonable inquiry in an effort to respond, but was unable to obtain necessary information. Elite is obligated to set forth what actions it took in its "reasonable inquiry." Furthermore, Elite denied without comment 14 of the admission requests. Elite is obligated to set forth all facts that support these denials. Reference to unidentified documents without specifying which documents are responsive to which denials is not responsive.

## IV.    <u>Good Faith Attempts to Resolve</u>

On January 27, 2020, counsel for Westchester sent to counsel for Elite correspondence in a good faith attempt to resolve this discovery dispute which largely reflects the detailed arguments and citation to authority contained in this motion. The good faith correspondence stated that "[n]ormally, I would provide no less than 10 business days for amended responses. However, given the expedited discovery schedule in this matter I must insist that amended responses consistent with the below be received no later than 12:00 p.m. Monday, February 3, 2020." On Saturday, February 1, 2020, counsel for Elite responded stating that he "understand[s] your concern, but I need more time to comply with your requests. I will need until Friday, 02/07/20, at the very least in order to provide you amended responses." A true and correct copy of this email from Elite's counsel is attached hereto as Exhibit "D".

On February 7, 2020, Elite provided amended responses to Westchester's interrogatories and requests for production and an amended privilege log. Other than removing all general objections, the amended responses did not provide any additional substantive information. Later the same day, counsel for Westchester sent additional correspondence to counsel for Elite regarding the amended responses outlining Westchester's concerns. *See* Exhibit "C". Due to the accelerated scheduling order, Westchester's counsel provided a short amount of time for Elite

to provide complete discovery responses. Elite was given until 5:00 p.m. on Tuesday, February 11, 2020, to serve its second amended responses.

Counsel for Elite finally responded at 7:25 p.m. on February 11, 2020, that his "client is willing to continue to work with you to resolve discovery issues." A copy of this correspondence is attached to this motion as Exhibit "E." Disappointingly, this correspondence did not include amended responses or produce any additional documents. Instead, counsel for Elite stated that it would oppose any motion to compel compliance with its discovery obligations based on the Court's initial scheduling order in this case [Doc. 6]. That order stated as follows:

> (1)(b) The parties are advised to make discovery requests no later than 75 days before the end of the discovery period. Unless otherwise ordered by the Court, motions to compel discovery are due no later than 30 days before the close of discovery. **The Court will ordinarily entertain a motion to compel brought during the last 30 days of discovery only on a showing of reasonable diligence during the discovery period and the discovery dispute in question arose during the last 30 days of discovery.**

**(**Emphasis added).

Westchester has provided Elite every opportunity to provide complete discovery responses. Rather than comply with its discovery obligations, Elite now intends to weaponize Westchester's good faith to avoid giving complete discovery responses required by the Federal Rules of Civil Procedure and this Court's Local Rules.

**Attorney Fee Request**

Federal Rule of Civil Procedure 37(a)(5) provides that, in the event a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

The circumstances in this matter warrant an award of fees against Elite. None of Elite's boilerplate objections are "substantially justified." In ***Waters Edge Living, LLC v. RSUI Indem. Co***., 4:06-cv-334-RH/WCS, 2008 WL 1816418, *5 (N.D. Fla. April 22, 2008), Magistrate Judge William C. Sherrill, Jr. held that none of the defendant's "lengthy and complicated" objections were "substantially justified." This case does not offer a single complicated objection, but rather a collection of baseless boilerplate objections. Similar to the case here, the moving party in ***Waters Edge*** was forced to bear the "expense of filing over 30 pages of detailed arguments." Magistrate Judge Sherrill then decided to not impose his standard order awarding an estimated partial award of expenses. He found that the prevailing party "should be

made completely whole for pursuit of this discovery." Such an award is just and appropriate under the circumstances of this case.

WHEREFORE, defendant Westchester Surplus Lines Insurance Company respectfully requests that this Honorable Court grant the following relief:

A.    Overrule all objections set forth in Elite's interrogatory responses as amended;

B.  Order plaintiff to provide complete responses to Westchester's interrogatories;

C.  Award Westchester all reasonable expenses incurred in making this motion, including attorney fees; and

D. Reset all unexpired deadlines to afford Westchester an opportunity to fully engage in discovery and remove this matter from the June 29, 2020, trial calendar.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I HEREBY CERTIFY that counsel for Westchester has attempted to confer with counsel for plaintiff in good faith with respect to the relief requested in this instant Motion as detailed herein.

*/s/ J. Richard Young*
J. Richard Young
Fla. Bar No. 0563250


## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that the instant Motion and Memorandum contains 7,787 words.

/s/ J. Richard Young
J. Richard Young
Fla. Bar No. 0563250

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been served on the 12th day of February 2020 to the parties identified below (i) through the United States District Court, Northern District of Florida, CM/ECF system or (ii) by the alternative method specified above the party's name.

/s/ J. Richard Young, III
J. Richard Young, Esq.
Mozley, Finlayson & Loggins LLP
4767 New Broad Street
Orlando, FL 32814
407.514.2765
FL Bar: 0563250
RYoung@MFLLaw.com

-and-

WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted in USDC NDFL*
MICHELLE A. SHERMAN
Georgia Bar No. 835980
*Admitted in USDC NDFL*
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com