UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELITE MITIGATION SERVICES, LLC,
a/a/o GRETA LAWRENCE,

    Plaintiff,

v.                                                                                         Case No. 5:19-cv-381-TKW/MJF

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendants.
_____/

## ORDER

This matter is before this court on Plaintiff's "Motion to Overrule Objections and to Compel Better Responses to Plaintiff's First Set of Interrogatories," (Doc. 18), and "Motion to Overrule Objections to First Set of Requests for Production and Compel Privilege Log," (Doc. 19). Defendant has filed responses to the motions. (Docs. 21, 22).

**I.**      **Procedural Background**

Plaintiff filed this action in state court, and Defendant removed the case to federal court. On October 24, 2019, Plaintiff propounded its: (1) "First set of Interrogatories"; and (2) "First Request for Production" to Defendant. Defendant responded on December 20, 2019. Plaintiff asserts that Defendant's responses to both the First set of Interrogatories and First Request for Production were deficient.

Plaintiff's counsel contends that they have made "several attempts to resolve these disputes." (Doc. 18 at 4; Doc. 19 at 4). Defendant, on the other hand, argues that Plaintiff's efforts consisted of a single letter demanding compliance which Plaintiff's counsel sent five days before the motions to compel were filed.[1]

## II.   Discussion

An ultimatum—even one that gives opposing counsel five days to comply—does not comport with the spirit of the Federal Rules of Civil Procedure or the Local Rules. These rules seek to minimize judicial intervention and the expenditure of judicial resources when parties can confer, and compromise whenever possible, to resolve their differences regarding a discovery dispute. *See In re Stone*, 986 F.2d 896, 904 (5th Cir. 1993). "Discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997). Accordingly, the parties were informed that "[t]he Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and *sincere attempts to resolve the differences*, counsel are unable to reach an accord." (Doc. 6 at 11).

---

[1] Defendant's counsel did not attach the letter, and Plaintiff's counsel did not identify what "attempts" were made to resolve these discovery disputes.

While the Local Rules authorize conferences by emails or letters, the rule also indicates that "oral conference[s are] encouraged." N.D. Fla. Loc. R. 7.1(B). Here, it is apparent that some of these issues could have been resolved before moving this court for relief,[2] and the undersigned is skeptical that a sincere, good faith effort to resolve these issues was made.

To afford counsel the opportunity to confer and discuss the relevant issues, the motions to compel will be denied without prejudice. *After* the parties meet and confer either in person or telephonically, if there are any outstanding issues, Plaintiff may move this court for relief. In any such motion, Plaintiff should indicate: (1) who participated in the conference; (2) how long the conference lasted; (3) whether the conference was held in person or telephonically; and (4) the result of the conference relevant to any unresolved issues.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion to Overrule Objections and to Compel Better Responses to Plaintiff's First Set of Interrogatories," (Doc. 18), and "Motion to Overrule Objections to First Set of Requests for Production and Compel Privilege Log," (Doc. 19) are **DENIED** without prejudice.

---

[2] The Defendant acknowledges that some of the Plaintiff's requests had merit insofar as Defendant subsequently provided: (1) verified responses to the interrogatories; (2) privilege logs; and (3) documents that had previously been withheld. (Doc. 21 at 2, Doc. 22 at 2).

2. If any issues remain outstanding, on or before March 12, 2020, Plaintiff may file motions to compel consistent with the instructions set forth above.

**SO ORDERED** this 27th day of February, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**