## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ELITE MITIGATION SERVICES, LLC,
a/a/o GRETA LAWRENCE,

      Plaintiff,

v.                              Case No.  5:19-cv-381-TKW/MJF

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

### ORDER

This matter is before this court on Defendant's motion to compel Plaintiff to respond to Defendant's requests for production of documents. (Doc. 25). The Plaintiff filed a response. (Doc. 33). Defendant filed a reply. (Doc. 44).

## I.    Background

On May 24, 2019, Plaintiff commenced two actions for breach of contract and declaratory relief in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, Florida. (Doc. 1). In these cases, Plaintiff alleged that Greta Lawrence purchased homeowners insurance from Defendant, that her house and store were damaged by Hurricane Michael, that Plaintiff performed "emergency restoration services and/or construction services" to Lawrence's home and store which are covered by the insurance policy Lawrence had with Defendant, and that Defendant

has refused to pay the repairs/construction. (Doc. 1-1; Doc. 1-2). These cases were consolidated and Defendant removed this action to the United States District Court for the Northern District of Florida based on the diversity of the citizenship of the parties. (Doc. 1).

On December 24, 2019, Defendant propounded its discovery requests on Plaintiff. (Doc. 25 at 3). On January 15, 2020, Plaintiff served its answers to the interrogatories and responses to the request for production of documents. (*Id.*). On January 16, 2020, Plaintiff served its responses to Defendant's requests for admissions. Additionally, Plaintiff served its privilege log and the responsive documents on January 16, 2020. (*Id.*). On January 27, 2020, defense counsel emailed counsel for the plaintiff in order to resolve discovery disputes. (Doc. 25 at 22). Defense counsel indicated that the amended responses were needed by February 3, 2020, at noon. (*Id.*). On February 1, 2020, Plaintiff's counsel requested an additional extension until February 7, 2020. (*Id.*). Defense counsel did not agree to the extension of February 7, 2020. (Doc. 44-2). Nevertheless, on February 7, 2020, Plaintiff's counsel served its amended responses on Defendant. This motion to compel followed.

## II.   Discussion

### A.   <u>Timeliness of the Motion</u>

Plaintiff asserts that this motion should be denied as Defendant failed to comply with the court's initial scheduling order. This court has addressed this issue in another order and determined that it is appropriate for this court to address the merits of Defendant's motion to compel.

### B.   <u>Requests for Production of Documents</u>

Defendant has moved to compel responses to eleven requests for production of documents (Requests 4, 5, 6, 7, 9, 10, 13, 14, 15, 16, and 17). Additionally, Defendant seeks either a more appropriate privilege log or the documents that were withheld on the basis of a privilege. (Doc. 25 at 1).

"The production of documents . . . is governed by Federal Rule of Civil Procedure 34(a)." *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 361 (5th Cir. 2018). That Rule allows a party to obtain documents that are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a); *see Bennett v. Chitwood*, 519 F. App'x 569, 572 (11th Cir. 2013); *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007). The responding party must respond to the request and state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reason for objection must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B); *see Gile v. United Airlines, Inc.*, 95 F.3d

492, 495 (7th Cir. 1996). The burden is on the party raising the objection to demonstrate how the objected-to request is "unreasonable or otherwise unduly burdensome." *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007); *see Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 701 (S.D. Ga. 2012) ("Where the discovery sought is relevant on its face, the party resisting discovery has the burden to support its objection."); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 689 (S.D. Fla. 2011); *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).

### 1. *Plaintiff's General Arguments Regarding the Requests*

Plaintiff has raised three general arguments regarding Defendant's requests for production. (*See generally* Doc. 25).

First, Defendant argues that Plaintiff's responses to the request are not sufficiently labeled or specific as to what documents are responsive to each request. (Doc. 25 at 5-6). Specifically, Defendant indicates that Plaintiff produced a single 97-page pdf document. (*Id.* at 5). This document contains predominately the same documents that were produced pursuant to Rule 26(a). (*Id.*). In nearly all of the responses, Plaintiff indicated that the responsive documents may be found in either "Bates 001-097" or "Bates 003-097." (Doc. 25). Thus, leaving the defendant to determine which documents are responsive to each of the requests. Plaintiff argues that each document has been identified with a bates stamp. (Doc. 33 at 7).

Rule 34 permits the responding party to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(B)(2)(e)(i). Rule 34 does not require a party to organize and label the document it produces if the party produces the documents as they are kept in the usual course of business.[1] *Williams v. Taser Int'l, Inc.*, No. 1:06-cv-0051-RWS, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006). The court in *Williams* noted that if a party is "'overly generous' in identifying responsive documents so as to unduly burden [the other party] in their search of those documents," a court can require the producing party to "organize and label documents as responsive to" the requests. *Id.* (citing *Bd. of Ed. v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 36 (N.D. Ill. 1984)).

It is unclear whether Plaintiff produced the documents as they were kept in the ordinary course of business. But it appears that in response to many of the requests, Plaintiff may have been overly inclusive in identifying responsive documents.[2] Therefore, Plaintiff will be required to produce the documents in a

---

[1] It is the burden of the party producing the documents to show that the documents were produced in a manner that the documents are kept in the usual course of business. *Williams*, 2006 WL 1835437, at *7 (citing *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005)).

[2] The undersigned notes that neither party provided to this court the 97-page pdf document that was produced.

clearly labeled and organized manner so that Defendant reasonably can determine which documents are responsive to each of its requests.

Second, Plaintiff argues that several of Defendant's requests for production of documents include a timeframe that is overly broad. Many of Defendants requests for production of documents, however, specifically indicate that the request is seeking information regarding the claimed loss, which occurred on or after October 10, 2018. Defendant clarified that the end date for any documents would be May 28, 2019, the date this action was commenced. (Doc. 25 at 13). This period—less than eight months—is not overly broad in light of the claims asserted by Plaintiff.

Third, Plaintiff objects to several of Defendant's requests because Defendant did not define the word "communication." Plaintiff argues that this makes the request overly broad and vague. "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery requests] . . . . If necessary, to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." *Patrick v. Teays Valley Tr.*, 297 F.R.D. 248, 258 (N.D. W. Va. 2013); *Moss v. Blue Cross & Blue Shield of Kan.*, 241 F.R.D. 683, 697 (D. Kan. 2007); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996).

Black's law dictionary defines "communication" as the "interchange of messages or ideas by speech, writing, gestures, or conduct; the process of bringing

an idea to another's perception." *Communication*, BLACK'S LAW DICTIONARY (11th ed. 2019). In crafting its response to Defendant's motion to compel,  Plaintiff clearly understood what the term "communications" means insofar as Plaintiff identified various means of communication: "written, electronic, oral, recorded, *etc.*" (Doc. 33 at 13). To the extent Plaintiff was unsure of the definition, it could have conferred with Defendant or used its own understanding of the term "communication." As used by Defendant in its requests for production of documents, the term "communication" is not so vague as to render the requests overly broad. *See generally StoneEagle Servs. Inc. v. UMB Bank, N.A.,* No. 4:15-mc-0904-NKL, 2015 WL 2452926, at *5 (W.D. Mo. May 22, 2015) (overruling objection when the party can "using reason and common sense, along with its own knowledge of its business" determine which documents are responsive to the requests);  *In re Plascencia*, No. 08-56305-ASW, 2012 WL 2161412, at *5 (N.D. Cal. June 12, 2012) (overruling objection that the term "communication" was too vague or overbroad); *Beach v. City of Olathe*, No. CIV 99-2210-GTV, 2000 WL 960808, at *8 (D. Kan. July 6, 2000) (overruling objection that the term "communications" was vague and noting that the party should have attributed the common and ordinary meaning to the term or at the very least qualified its response by defining the term in its response.).

2. *Defendant's Requests for Production of Documents*

a. <u>**Defendant's Requests 4, 5, 6, and 7**</u>

<u>**Request No. 4:**</u> Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, timesheet, payroll record, drying log, mileage log, daily equipment log or other document for work completed at the insured property since the date of the claimed loss regarding clean-up, demolition, mitigation, water remediation, dry-out or other related services.

<u>**Request No. 5:**</u> Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, time sheet, payroll record, drying log, mileage log, daily equipment log, other document for work completed at any other property owned by Greta Lawrence and/or Pier 98 Marina, Inc.

<u>**Request No. 6:**</u> Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, time sheet, payroll record, drying log, mileage log, daily equipment logs or other documents for work completed at the insured property since the date of the claimed loss regarding roofing work.

<u>**Request No. 7:**</u> Each work order, estimate, proposal, bid, service order, purchase order, invoice, receipt, maintenance record, contract, assignment of benefits, time sheet, payroll record, drying log, mileage log, daily equipment logs or other documents for work completed at any other property owned by Greta Lawrence and/or Pier 98 Marina, Inc.

Plaintiff's respective amended responses to these four requests were: "Attached bates 003-097."

Defendant asserts that Plaintiff's responses are deficient for two reasons: (1) Plaintiff did not reasonably identify the documents that were responsive to each of

these requests; and (2) Plaintiff did not provide any of the types of documents that Defendant sought in its request.

As discussed above, Plaintiff did not reasonably identify the documents that were responsive to Defendant's requests for production of documents. As to Defendant's second point, Plaintiff now objects—for the first time—that Defendant's requests for production "are exceedingly broad, not sufficiently limited in scope and not proportional to needs of this litigation." (Doc. 33 at 7). Specifically, Plaintiff contends that the temporal breadth is excessive and that the term "other document" would cover "any scrap of paper" related to the work completed. (*Id.*). Because Plaintiff did not raise these objections in its response to the production, these objections are waived.[3] *See Harvard v. Inch*, No. 4:19-cv-212-MW/CAS, 2020 WL 701990, at *3 (N.D. Fla. Feb 7, 2020) (finding that defendant waived any objection that was raised for the first time in response to plaintiff's motion to compel); *Socas v. Nw. Mut. Life. Ins. Co.*, No. 07-20336-CIV, 2008 WL 619322, at *6 (S.D. Fla. Mar 4, 2008) (finding that plaintiff "waived the argument by mentioning it for the first time in her response to the instant motion to compel and failing to timely raise it as an objection" to the request for production).

---

[3] Additionally, Defendant's Request 4 and Request 6 contain temporal limitations insofar as they  seek documents created since the date of the loss, October 10, 2018. Plaintiff's objection regarding temporal scope has no merit.

Plaintiff also asserts that they have produced all responsive documents to these requests. To the extent Plaintiff may have withheld documents as to these requests based on its untimely objection, Plaintiff will be required to produce responsive documents to these requests. If no such documents exist, Plaintiff should provide Defendant with an affidavit that explains what steps Plaintiff took to find the documents that were responsive and affirm that no responsive documents exist or all such documents have been provided to Defendant.

### b.   Defendant's Request 9

**Request No. 9:** Each document or other tangible item that evidences, reflects to or relates to the calculation of damages sustained by the insured property as a result of the claimed loss.

Plaintiff argues that this request is "vague and unclear with respect to the terms 'calculation of damages'" because Defendant did not define these terms. Plaintiff then indicated that, to the extent any responsive documents exist, they would be found in "bates 001-097." (Doc. 25 at 8).

Plaintiff bears the burden of showing that the request for production is vague, burdensome, or overly broad. It has failed to carry that burden here. Plaintiff calculated damages insofar as its complaint identifies damages. In interpreting Defendant's request for production, Plaintiff should have utilized common sense and assigned this phrase its ordinary meaning. *See Dade Cty. Fed. Credit Union v. Cumis Ins. Sec.*, No. 10-23711, 2011 WL 13100237, at *4-5 (S.D. Fla. Aug. 1, 2011)

(discussing a request that sought records used to "calculate damages"). To the extent any documents have been withheld because of this objection, Plaintiff shall produce these documents. Furthermore, as discussed above, the second part of Plaintiff's response to this request for production is overly broad insofar as it fails to apprise Defendant of the specific documents that are responsive to its request.

### c.   <u>Defendant's Request 10</u>

<u>**Request No. 10:**</u> The ESX files in their native format used to prepare plaintiff's estimates identified as "LAWRENCE_GRETA_2282" and "LAWRENCE_GRETA_0137."

Plaintiff responded to this request: "Attached bates 05-016 and bates 022-034." (Doc. 25 at 10). Defendant argues that Plaintiff failed to produce the documents requested in their native format. Defendant notes that it appears Plaintiff created these documents in the Xactimate software program, which creates an ESX file. Plaintiff responded that they only have these documents in pdf format. Plaintiff should conduct a diligent search to determine whether any ESX file exists. To the extent the pdf files are the only documents that Plaintiff possesses, Plaintiff shall provide Defendant an affidavit indicating the steps that it took to search for these files in their native format and, if Plaintiff possesses them only in an PDF file format, it shall so state in its affidavit.

### d.   **Defendant's Request 13**

**Request No. 13**: Each written report by any expert, consultant, or professional who investigated any aspect of the claimed loss on Plaintiff's behalf.

Plaintiff responded to this request: "Attached Bates 001-097." Defendant argues that Plaintiff did not reasonably specify which of these documents are responsive. Additionally, Defendant argues that none of the documents in Bates range 001-097 are responsive to Defendant's request 13.

For the first time in its response to the motion to compel, Plaintiff asserts several objections to this request. Specifically, they argue that the terms "expert," "consultant," "professional," and "report" are vague and unclear. Because Plaintiff did not raise these objections in its response to the production, these objections are waived. *See Harvard*, 2020 WL 701990, at *3 (finding that defendant waived any objection that was raised for the first time in response to plaintiff's motion to compel); *Socas*, 2008 WL 619322, at *6 (finding that plaintiff "waived the argument by mentioning it for the first time in her response to the instant motion to compel and failing to timely raise it as an objection" to the request for production). Plaintiff also argues that they have produced all documents that are responsive to this request.

To the extent Plaintiff withheld any documents based on the objections asserted for the first time in their response, they must also provide those to the Defendant. If there are no documents that are responsive or if Plaintiff has already

provided them, Plaintiff should state this in an affidavit. Furthermore, as discussed above, the second part of Plaintiff's response to this request for production is overly broad insofar as it fails to apprise Defendant of the specific documents that are responsive to its request.

### e.   **Defendant's Request 14**

> **Request No. 14:** Each document or other tangible item that evidences, reflects, refers to or relates to any communication between plaintiff and any employee, representative or agent of Westchester regarding the claimed loss including, but not limited to Cynthia Vann, Leon Spears, and Loss Management Solutions.

Plaintiff objects to this request because it purportedly "is vague, overly broad, and harassing as Defendant has never defined the word 'communication' or scope of 'communications' being requested. The requested time frame is also broad and not limited in scope." (Doc. 25 at 11). Plaintiff further argues that, to the extent it could identify and produce communications, they were contained within "bates 001-097."

As discussed above, in this context, the term "communication" is not vague or overly broad. As to the temporal scope, Plaintiff must produce communications meeting the criteria in the request which were created from October 10, 2018, to and including May 28, 2019. To the extent that Plaintiff withheld documents because of these objections, Plaintiff must produce such documents. Furthermore, as discussed above, Plaintiff's response to this request for production is overly broad insofar as it

fails to apprise Defendant of the specific documents that are responsive to Defendant's request for production 14.

### f.   **Defendant's Request 15**

**Request No. 15**: Each document or other tangible item that evidences, reflects to or relates to any communications between plaintiff and any employee representative or agent of Pier 98 Marina, Inc. and/or Greta Lawrence regarding the claimed loss, including but not limited to Daniel Hogan.

Plaintiff objects that this request is "vague, overly broad and harassing" because Defendant did not define the term "communication" or the form or scope of the communications being requested. Plaintiff also asserted that the temporal scope is overly broad. Plaintiff also argues that, to the extent there were any responsive documents, they were produced in the "attached bates 001-097."

As discussed above, in this context, the term "communication" is not vague or overly broad. As to the temporal scope, Plaintiff must produce communications meeting the criteria in the request which were created from October 10, 2018, to and including May 28, 2019. To the extent that Plaintiff withheld documents because of these objections, Plaintiff must produce such documents. Furthermore, as discussed above, Plaintiff's response to this request for production is overly broad insofar as it fails to apprise Defendant of the specific documents that are responsive to Defendant's request for production 15.

### g.   **Defendant's Request 16**

**Request No. 16**: Each document or other tangible item that evidences reflects, or refers to or relates to any communication between plaintiff and any employee, representative or agent of S.C. Hall Construction regarding the claimed loss.

Plaintiff argues that this request is "vague, overly broad, and harassing as the Defendant has never defined the word 'communication' or scope of 'communications' being requested. The requested timeframe is also broad and not limited in scope." Plaintiff alleges that any communications it could find were produced in "attached bates 001-097." (Doc. 25 at 14).

As discussed above, in this context, the term "communication" is not vague or overly broad. As to the temporal scope, Plaintiff must produce communications meeting the criteria in the request which were created from October 10, 2018, to and including May 28, 2019. To the extent that Plaintiff withheld documents because of these objections, Plaintiff must produce such documents. Furthermore, as discussed above, Plaintiff's response to this request for production is overly broad insofar as it fails to apprise Defendant of the specific documents that are responsive to Defendant's request for production 16.

### h.   **Defendant's Request 17**

**Request No. 17**: Each contract agreement or communication by and between plaintiff and S.C. Hall Construction that sets forth their relationship, division of responsibilities, and compensation relating to the insured property.

Plaintiff argues that this request is "vague, overly broad, and harassing as the Defendant has never defined the word 'communication' or scope of 'communications' being requested. The requested timeframe is also broad and not limited in scope." Plaintiff alleges that any communications it could find were produced in "attached bates 001-097." (Doc. 25 at 15).

Plaintiff—as the party opposing production of documents—bears the burden of demonstrating that this request is overly broad.  Plaintiff has failed to do so. As discussed above, in this context, the term "communication" is not vague or overly broad. As to the temporal scope, Plaintiff must produce communications meeting the criteria in the request which were created from October 10, 2018, to and including May 28, 2019. To the extent that Plaintiff withheld documents because of these objections, Plaintiff must produce such documents. Furthermore, as discussed above, Plaintiff's response to this request for production is overly broad insofar as it fails to apprise Defendant of the specific documents that are responsive to Defendant's request for production 17.

### i.   <u>Plaintiff's Log of Privileged Documents</u>

Defendant also moves for Plaintiff to produce a detailed privilege log or the production of certain documents withheld because of purported privileges.  (Doc. 25 at 16-22). Defendant argues that the following listings from Plaintiff's amended privilege log are insufficient because Plaintiff does not provide details (such as when

documents were prepared or who prepared certain documents and why sharing the documents have not waived certain privileges) sufficient to establish that the claimed privileges applies. Specifically, the issue relates to entries relating to (1) Diary Notes for 5904 B East Highway 98 Property, (2) Diary Notes for 5904 C East Highway 98 Property, and (3) Emails from Restoration Insurance Billing Source, LLC to Plaintiff's counsel. (Doc. 25 at 16-22).

A privilege log's description of each document and its contents must provide sufficient information to permit courts and the parties to test the merits of the privilege claim. *See United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *see Johnson v. Gross*, 611 F. App'x 544, 547 (11th Cir. 2015) (noting that a defendant's privilege log is deficient when it "did not describe the nature of the undisclosed communications in a manner that allowed the plaintiffs and the district court to evaluate his claimed privilege"); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (noting that a privilege log must, as to each document, set forth "'specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).

Here, portions of Plaintiff's privilege log fail to adequately describe the documents that Plaintiff believes are privileged. That is, they fail to provide

sufficient information for this court and Defendant to evaluate Plaintiff's claim that the listed documents are privileged. The inadequate entries include the following:

- Diary Notes for 5904 B East Hwy 98 Property from Restoration Insurance Billing source, LLC

- Diary Notes for 5904 C East Hwy 98 Property from Restoration Insurance Billing source, LLC

- Emails from Restoration Insurance Billing Source, LLC to the undersigned counsel containing case materials PDFs for 5904 B East Hwy 98 Property.

- Emails from Restoration Insurance Billing Source, LLC to the undersigned counsel containing case materials PDFs for 5904 C East Hwy 98 Property.

(Doc. 25 at 16).

Plaintiff asserts that the diary notes are protected by the work product privilege, are trade secrets, and are proprietary in nature. Plaintiff asserts the emails are subject to the work product privilege. The descriptions in Plaintiff's privilege log, however, do not sufficiently define the nature of the documents so that this court can determine whether these documents are shielded from production by these privileges. Plaintiff also did not provide any affidavit or any evidence in its response to the motion to compel to further clarify or explain its assertion of privilege. Therefore this court will provide Plaintiff an opportunity to provide a supplemental privilege log that adequately describes the documents and its contents—without

revealing information itself that is privileged or protected—such that the defendant and this court can determine whether Plaintiff's claim of privilege applies.

### C.   **Defendant's Request for Expenses and Attorney's Fees**

Defendant also seeks an award of reasonable expenses, including attorney's fees, incurred with respect to its motion to compel. (Doc. 25 at 24-25). Federal Rule of Civil Procedure 37(a)(5)(A) provides in relevant part:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, it appears that Defendant attempted in good faith to obtain the discovery without court action before bringing each of these motions. (Doc. 25 at 23-24). Additionally, Plaintiff's objections to the defendant's requests were not substantially justified as discussed above. Plaintiff initially failed to provide adequate responses

and later made meritless objections. Therefore, this court will award costs for bringing the motion to compel production of documents. The court, however, does take into consideration that Defendant did not fully comply with the court's initial scheduling order and delayed propounding its first requests for discovery.

Because this court has granted Defendant's motion to compel better responses to its request for production of documents (Doc. 25) and to avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

## III.   Conclusion

Accordingly, it is **ORDERED**:

1.   Defendant's motion to compel production of documents and a supplemental privilege log, (Doc. 25), is **GRANTED**.

2.   **On or before April 17, 2020,** Plaintiff must supplement its privilege log in accordance with this order, produce documents withheld, and reproduce the documents already provided to Defendant in a labeled and organized manner as required by this order.

3.   Plaintiff and his attorneys, jointly and severally, must pay Defendant **$1,000.00** for expenses and attorney's fees to compensate Defendant for the time and effort it expended in moving to compel production of documents. If a party asserts that this is not the amount of fees

reasonably incurred by the defendant on this motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under this order or based on it must be paid by **May 1, 2020** (if no motion to redetermine is filed) or within fourteen days after the entry of an order on any motion to redetermine.

**SO ORDERED** this <u>6th</u> day of April, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**